IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>vs.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>Defendants. | Case No.: 1:24-cv-21516-KMW |

**PLAINTIFF ROADGET BUSINESS PTE. LTD.'S
MOTION AND SUPPORTING MEMORANDUM OF LAW TO SEAL CERTAIN
DOCUMENTS CONTAINING IDENTIFYING INFORMATION ABOUT DEFENDANTS**

Pursuant to Local Rule 5.4(b), Plaintiff Roadget Business Pte. Ltd. ("Roadget") respectfully moves for leave to file its Complaint (including the Schedule A identifying the Defendants to the above-styled action) under seal. In support of its request, Roadget incorporates the below memorandum of law.

Roadget has filed this action to combat copyright infringement by Defendants, foreign sellers on e-commerce platforms who have obscured their identities using aliases in order to avoid the consequences of their misconduct, including liability for infringement of intellectual property. Roadget is filing, concurrently with this motion, motions for *ex parte* relief, including in the form of a temporary restraining order and related documents that preserve Roadget's ability to obtain relief pending the disposition of this case by, among other things, preventing the destruction of

1

evidence or the transfer of assets away from the identified sellers' accounts in ways that would have the purpose and effect of interfering with the Court's power to grant meaningful relief.

Roadget submits that, in order to protect against such actions by Defendants, it is appropriate to temporarily seal the portions of the Complaint and Schedule A that would put Defendants on notice that they are or may be the targets of this suit.  This includes any allegations or attachments that would identify the Defendants by name as well as any allegations that specifically reveal the particular copyrighted works in question, and which Defendants have copied.

Unless this information is temporarily sealed, there is a very real risk that the actual individuals and companies behind Defendants' online accounts will, for all practical purposes, disappear with the fruits of their infringing conduct, leaving Roadget without a remedy.  Roadget is contemporaneously filing redacted public versions of the Complaint.

Good cause exists to seal the documents that are the subject of this motion to seal pursuant to the requirements of Local Rule 5.4(b).  Per Local Rule 5.4(b)(1), a party submitted a motion to seal must:

> set[] forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the "proposed sealed material") with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material. The proposed sealed material shall not be filed unless the Court grants the motion to file under seal. The motion to file under seal shall specify the proposed duration of the requested sealing. The motion to file under seal and the docket text shall be publicly available on the docket.

Here, good cause exists to keep the documents that are the subject of this motion under seal from the public.  Roadget has learned that Defendants are engaged in the unlawful copying, distribution, display, and sale of apparel using images virtually identical to Roadget's copyrighted works within this district, without authorization, through Internet based e-commerce stores and

fully interactive commercial Internet websites. Defendants' unlawful acts are causing irreparable injury to Roadget by damaging its reputation, diverting customers, and weakening Roadget's SHEIN brand.

Moreover, as noted above, these Defendants' e-commerce stores are all foreign, Chinese sellers. Such Chinese sellers are known to closely monitor counterfeiting and infringement lawsuits such as the instant case via websites like www.sellerdefense.cn and social media (*e.g.*, WeChat). *See, e.g.*, *XYZ Corp. v. Individuals Identified in Schedule "A"*, 2023 WL 8543723, at *1 n.1 (S.D. Fla. Dec. 11, 2023) (granting motion to seal and recognizing that "SellerDefense posted on its website material that had been filed under seal in this District to warn defendants that plaintiff in that matter was freezing assets").

Temporarily sealing the requested portions of the documents that are the subject of this motion will prevent Defendants from receiving notice of Roadget's investigation and subsequently hiding or disposing their assets. As this Court has explained, "[i]n light of the inherently deceptive nature of the illegal infringing e-commerce business," Roadget "has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court" if Defendants are provided such notice. *Sharp Shirter Inc. v. Individuals Identified on Schedule A*, No. 1:22-cv-23468-KMW, ECF No. 17 at 6 (S.D. Fla. Nov. 8, 2022); *see also Dell Inc. v. v. BelgiumDomains, LLC*, 2007 WL 6862341, at *7 (S.D. Fla. Nov. 21, 2007) (granting motion to seal where defendants operated counterfeiting e-commerce scheme because defendants "will likely destroy evidence or move it out of the jurisdiction" if provided with advance notice of plaintiff's filings").

Accordingly, Roadget respectfully requests that the Court grant leave for Roadget to file its Complaint, including Schedule A, at least until proceedings on Roadget's motions for ex parte

relief are complete through service of any Order the Court may grant and compliance by the served entities.

WHEREFORE, Roadget respectfully requests that the following materials remain under seal until the Court has had the opportunity to rule on Roadget's requests for *ex parte* relief: Complaint and Schedule A to the Complaint.

| | |
|---|---|
| April 22, 2024 | Respectfully submitted, |
| COVINGTON & BURLING LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| /s/ Kevin B. Collins | /s/ Dan Humphrey |
| Kevin B. Collins (*pro hac vice* application forthcoming)<br>Yuval Mor (*pro hac vice* application forthcoming)<br>One CityCenter<br>850 Tenth St., NW<br>Washington, DC 20001<br>Telephone: 202-662-6000<br>kcollins@cov.com<br>ymor@cov.com | Daniel Humphrey (Florida Bar Number: 1024695)<br>2601 N. Bayshore Dr.<br>Suite 1550<br>Miami, FL 33133<br>Telephone: 305-402-4880<br>danielhumphrey@quinnemanuel.com |
| Jonathan M. Sperling (*pro hac vice* application forthcoming)<br>Phillip A. Hill (*pro hac vice* application forthcoming)<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Telephone: 212-841-1000<br>jsperling@cov.com<br>pahill@cov.com | Michael E. Williams (*pro hac vice* application forthcoming)<br>865 S. Figueroa St.<br>10th Floor<br>Los Angeles, California 90017<br>Telephone: 213 443 3000<br>Michaelwilliams@quinnemanuel.com<br><br>*Attorneys for Plaintiff* |
| *Attorneys for Plaintiff* | |